IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARIF WILLIAMSON, | : | CIVIL NO. 3:CV-12-0755 |
| Plaintiff, | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | |
| DAVID A. VARANO, et al., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On April 18, 2012, Plaintiff Sharif Williamson ("Plaintiff" or "Williamson"), an inmate presently confined at the State Correctional Institution Coal Township ("SCI Coal Township") in Coal Township, Pennsylvania, initiated a civil rights action pro se by filing a Complaint under the provisions of 42 U.S.C. § 1983. The Complaint, dated April 11, 2012, was docketed at Civil No. 3:CV-12-0726.

On April 23, 2012, a second § 1983 civil rights Complaint was received by the Clerk of Court from Williamson. This Complaint was docketed at the above-referenced docket number of Civil No. 3:CV-12-0755. Because both Complaints contained the same claims asserted against the same Defendants, by Order dated April 27, 2012, we construed the second filed Complaint as an Amended Complaint and directed the consolidation of the cases. (Doc. 8.) The cases were consolidated into the above docket number because Williamson had filed his properly completed paperwork to proceed in forma pauperis in this case.

Based upon Williamson's request to proceed in forma pauperis, we screened the Amended Complaint (Doc. 1) under the provisions of 28 U.S.C. § 1915, and by Memorandum and Order dated May 17, 2012, we dismissed with prejudice Claims I and III of Williamson's Amended Complaint concerning unlawful dietary punishment and the loss of personal property. (Docs. 12, 13.) However, our dismissal of Claim II of Williamson's Amended Complaint, which relates to his allegation that he was forced to walk through bird droppings, was without prejudice to Williamson's ability to file an amended complaint within twenty-one (21) days. (Id.) In granting Williamson leave to amend his second claim, we explained that his failure to submit an amended complaint would result in his claim being dismissed with prejudice. (Doc. 13 at 2 ¶ 4.) The time for Williamson to file an amended complaint as to his second claim has expired, and no amended complaint has been filed.[1] We therefore shall dismiss Claim II of his Amended Complaint with prejudice. Because no claims remain in this action, we also shall direct the Clerk of Court to close this case. An appropriate Order will issue on today's date.

_____
Robert D. Mariani
United States District Judge

---

[1] Williamson sent a letter to the Court that was docketed on May 30, 2012 (Doc. 14) in which he states that he has a "good claim" because his rights have been violated and states that he will be sending paperwork for the Court to review that will reveal he has a valid lawsuit. A letter issued by the Office of the Clerk in response to Williamson on May 31 advised him that any requests for relief must be by formal motion (Doc. 15). The docket reflects that no motions have been filed by Williamson.

2